**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ruben Antonio VILLATORO–**
**MEDRANO, Defendant–**
**Appellant.**

**No. 10–50543.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 2011.

Filed Jan. 3, 2012.

** *This disposition is not appropriate for publication and is not precedent except as provid-* ed by 9th Cir. R. 36–3.

Steve Miller, Bruce R. Castetter, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

James Fife, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: SCHROEDER and REINHARDT, Circuit Judges, and HUDSON, District Judge.*

---

* The Honorable Henry E. Hudson, United States District Judge for the Eastern District of Virginia, sitting by designation.

MEMORANDUM **

Ruben Villatoro–Medrano appeals the sentence imposed by the district court following his conviction under 8 U.S.C. § 1326. He argues that the court below erred in applying a 16–level sentencing enhancement pursuant to U.S.S.G. § 2L1.2 because it wrongly characterized his 2004 attempted robbery conviction in the District of Columbia (D.C.) as a "crime of violence." Reviewing the district court's application of the Sentencing Guidelines de novo, *United States v. Jennen,* 596 F.3d 594, 600 (9th Cir.2010), we agree.

First, as interpreted by D.C. courts, 22 D.C.Code § 2801 criminalizes non-violent conduct beyond generic robbery—namely, stealthy seizure or snatching. *See, e.g., Leak v. United States,* 757 A.2d 739, 742 (D.C.App.2000). Thus, Petitioner's prior conviction under that statute does not categorically qualify as a "crime of violence" for purposes of the sentencing enhancement. *See Taylor v. United States,* 495 U.S. 575, 598, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *United States v. Laurico–Yeno,* 590 F.3d 818, 821 (9th Cir.2010) (requiring the sentencing court to focus on "the least egregious end of [the statute's] range of conduct"); *see also United States v. Becerril–Lopez,* 541 F.3d 881, 891 (9th Cir.2008) (defining "generic" robbery).

Second, those portions of Petitioner's criminal record which are judicially noticeable under a "modified-categorical" analysis do not indicate that Petitioner's guilty plea in 2004 "necessarily admitted" the elements of generic robbery. *See Shepard v. United States,* 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). In this case, our inquiry is limited to the criminal information to which Petitioner pled guilty and the judgment of the D.C. Superior Court.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See id.* at 16, 125 S.Ct. 1254 ("[A] later court determining the character of an admitted [crime] is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."); *see also United States v. Tucker,* 641 F.3d 1110, 1124 (9th Cir.2011). An examination of these documents does not exclude the possibility that Petitioner was convicted of mere stealthy seizure or snatching. *Cf. Jackson v. United States,* 359 F.2d 260, 262 (D.C.Cir.1966).

As nothing in the record establishes Petitioner's prior conviction as a "crime of violence," the district court erred in applying a 16-level sentencing enhancement under U.S.S.G. § 2L1.2. Accordingly, Petitioner's sentence is hereby

**VACATED AND REMANDED.**